No. 7006.

SARAH F. BRADFORD VS. A. D. LAFARGUE, COLLECTOR, ET AL.

The purchase by the State of property sold on account of unpaid taxes, extinguishes the debt and all liens arising from those taxes.

Lands belonging to the State are exempt from taxation, and hence one who purchases lands from the State takes them free from all liens and obligations springing from taxation.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. Yoist, J.

*Irion & Thorpe* and *Henry C. Miller* for plaintiff and appellee.

*L. J. Ducoté* and *A. & W. Voorhies* for defendants and appellants.

The opinion of the court was delivered by

SPENCER, J. On the twenty-ninth of October, 1873, a plantation, the property of George Wilson, was sold by the tax-collector of Avoyelles for taxes assessed against Wilson. The plantation was bid in by the collector for the State, under the act of March 14, 1873. In December, 1875, the collector sold the same by authentic act to J. A. Boyer, under the first section of Act No. 105 of 1874, which provides "that the tax-collectors throughout this State are hereby authorized and required to sell and transfer by public act, passed before a notary and two witnesses, any property which shall have been purchased by the State at tax-sale to any person who shall tender and pay to said collector the amount of the State and parish taxes due on said property, with all penalties and costs."

Boyer sold to the present plaintiff. From October, 1873, to December, 1875, the ownership of this property was vested in the State, and therefore not liable to be assessed for taxes. R. S. 3233. Notwithstanding these proceedings, the property was, during this time, continued on the rolls and assessed in the name of Wilson, the former owner.

By this transfer to the State all taxes existing on the property at the time were extinguished by confusion, and the sale by the State to Boyer passed the property to him unincumbered by any tax-liens. The present collector finding these taxes assessed in the name of Wilson upon this property, unpaid and delinquent, proceeded to seize the plantation in plaintiff's possession to satisfy them. Plaintiff enjoins the sale, and demands that the property be decreed exempt from said taxes and that the mortgages resulting from the registry of the delinquent rolls be decreed null and void and that the recorder be directed to cancel them. There was judgment accordingly, and defendants appeal.

There is no error in the judgment. Property of the State is exempt from taxation, and the act of 1874 above referred to authorized the sale by the collector " to any person who shall tender and pay to said col-

lector the amount of the State and parish taxes due on said property, with all penalties and costs." These words can only refer, therefore, to taxes levied before the State bought. This view is strengthened by the fact that by the revenue act of 1877 it is specially provided, for the first time, that lands sold to the State can only be redeemed by paying in addition to those named in the act of 1874 all taxes on the land for the years that the State owned it.

. The judgment is affirmed with costs.